DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| BENJAMIN PRENTICE and SOPHIA FRANCIS, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 13-71 |
| : | |
| OFFICEMAX NORTH AMERICA, INC., : | JUDGE MANNION |
| : | |
| Defendant. : | |

## MEMORANDUM

Before the court is the objection of the Plaintiffs Benjamin Prentice and Sophia Francis (collectively "Plaintiffs"), (Doc. 21), to the July 18, 2014 Order of Magistrate Judge George W. Cannon, Jr., (Doc. 19), granting the motion to disqualify Plaintiffs' counsel filed by the Defendant OfficeMax North America, Inc.'s ("OfficeMax"), (Doc. 7). The Order also disqualified The Law Offices of Lee J. Rohn & Associates, LLC, (Rohn law firm"), from representing Plaintiffs in this case and afforded Plaintiffs 30 days to retain new counsel. The Plaintiffs' objection has been briefed and Exhibits were submitted. This case had been stayed for over six years.[1] (Doc. 28). For the

---

[1] By order dated October 28, 2019, this case was reassigned to the undersigned judge. (Doc. 29).

reasons set forth below, the court will overrule Plaintiffs' objection and will affirm the Magistrate Judge's disqualification Order.

I. BACKGROUND

Since the relevant background of this case regarding Plaintiffs' objection is detailed in the Magistrate Judge's disqualification Order, (Doc. 19), as well as in the briefs of the parties regarding OfficeMax's August 16, 2013 motion to disqualify Plaintiffs' counsel and in the briefs regarding Plaintiffs' objection, it will not be repeated herein.[2] This court also stated the background regarding Plaintiffs' instant claims against OfficeMax in its April 13, 2020 Memorandum issued in Plaintiffs' prior 2013 case that was dismissed. *See Prentice v. OfficeMax North America, Inc.*, 1:13-cv-56.[3]

---

[2]Plaintiffs had previously filed an action in this court in *Prentice v. OfficeMax North America, Inc.*, No. 1:09-cv-05, wherein they alleged several counts of employment discrimination, as well as claims for breach of duty of good faith and fair dealing, wrongful discharge, and intentional infliction of emotional distress. (No. 1:09-cv-05, Doc. 1). On March 15, 2012, the court granted OfficeMax's motion for summary judgment as to Plaintiffs' federal claims but denied the motion as to the remaining state law claims. (No. 1:09-cv-05, Doc. 205). The court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the case without prejudice. Plaintiffs sought reconsideration, which the court denied on April 16, 2012. (No. 1:09-cv-05, Doc. 210).

[3]In the other 2013 case involving the exact same parties as the instant case, 1:13-cv-56, this court granted OfficeMax's motion to dismiss on April 13, 2020 on the grounds that Plaintiffs had not timely effected service of process on OfficeMax. The court also indicated that Plaintiffs filed an

Suffice to say, for present purposes, that OfficeMax filed a motion to disqualify counsel for Plaintiffs since their counsel hired an attorney, namely, Talib Ellison, Esq., after Ellison left his employment with counsel for OfficeMax, namely, Ogletree, Deakins, Nash, Smoak & Stewart, LLC (Ogletree), and since Ellison actually worked on this very case on behalf of OfficeMax when he was with Ogletree. Plaintiffs respond by arguing that Ellison was properly screened, that OfficeMax will not be prejudiced by counsel's continued representation, and that disqualification of their counsel would cause an undue hardship on them.

## II.   STANDARD

Since Judge Cannon's Disqualification Order pertained to a non-dispositive issue, the matter is reviewed by this court under the "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. §636(b)(1)(B). As the court in Dobson v. Milton Hershey Sch., 434 F.Supp.3d 224, 230-31 (M.D. Pa. 2020), explained:

> Federal Rule of Civil Procedure 72 provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a

---

identical action in the Superior Court on June 4, 2013, apparently after recognizing their failure to perfect service in their 13-cv-56 case. The subsequent case filed by Plaintiffs against OfficeMax was removed to this court on June 27, 2013, and is the case presently pending in this court. *See Prentice v. OfficeMax North America, Inc.*, 1:13-cv-71.

magistrate judge to hear and decide .... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). "Under [28 U.S.C. §636(b)(1)(A) and Rule 72], the district court is bound by the clearly erroneous rule in reviewing questions of fact, and it is not permitted to receive further evidence." In re Gabapentin Patent Litig., 312 F.Supp.2d 653, 661 (D. N.J. 2004) (citing Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted). "[T]he phrase 'contrary to law' indicates plenary review as to matters of law." Id. [See also Alarmax Distribs., Inc. v. Honeywell Int'l Inc., 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) ("A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." (citation omitted))].

Since Plaintiffs filed the appeal at issue, "[they] must clear a high hurdle to compel this court to overturn a magistrate judge's decision of a non-dispositive pretrial matter." Nothstein v. USA Cycling, 337 F.R.D. 375, 384 (E.D. Pa. 2020). Further, "[t]he appealing party bears the burden of demonstrating that the magistrate [judge's] finding of fact is clearly erroneous or that her conclusion of law is contrary to law." Id. (citation omitted).

As discussed below, the court finds that Plaintiffs have not met their burden and have not shown that Judge Cannon's findings of fact in his Order are clearly erroneous or that his conclusions of law are contrary to law.

## III.     DISCUSSION

Initially, since Judge Cannon states in his Order, (Doc. 19 at 2-4), the correct legal standard regarding a motion to disqualify an attorney as well as the text of the applicable Model Rules of Professional Conduct,[4] namely, Rules 1.9 and 1.10, the court does not repeat them. In short, "[t]he district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it", United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980), and "the exercise of this authority is committed to the sound discretion of the district court ...." Id.

First, Judge Cannon found that since Ellison represented OfficeMax in the present case when he worked for Ogletree and since it was undisputed that he had "acquired confidential information related to this matter through his representation of OfficeMax", "Ellison is disqualified from representing Plaintiffs in this matter pursuant to Model Rules of Professional Conduct Rule 1.9(a)." The Judge's finding of fact in this regard is certainly not clearly erroneous since they were undisputed facts he considered about Ellison's prior representation of OfficeMax. See U.S. ex rel. Bahsen v. Boston Scientific Neuromodulation Corp., 147 F.Supp.3d 239, 243 (D. N.J. 2015)

---

[4]"In the Virgin Islands, the Model Rules of Professional Conduct govern the professional responsibilities of practicing attorneys." VECC, Inc. v. Bank of Nova Scotia, 222 F.Supp.2d 717, 719 (D. V.I. 2002).

("A finding [of a magistrate judge on a pretrial matter] is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'") (citation omitted).

Second, the Judge's conclusion of law that Model Rule 1.9 prohibited Ellison from representing Plaintiffs in this case is not contrary to law. This Rule disqualifies Ellison since: (1) Ellison had a past attorney-client relationship with OfficeMax; (2) the current case of Plaintiffs against OfficeMax involves the same matter or one substantially related to Ellison's prior representation of OfficeMax; and (3) the interests of the Plaintiffs are materially adverse to the interests of Ellison's past client OfficeMax.

Further, there is no dispute that OfficeMax did not give consent for Ellison to represent Plaintiffs in this case. (Doc. 23 at 7).

Thus, Judge Cannon's ruling is not contrary to law regarding Ellison's disqualification from representing Plaintiffs under Rule 1.9 since he has plainly not "misinterpreted or misapplied applicable law." *See id*.

Next, Judge Cannon found that Plaintiffs' counsel, the Law Offices of Lee J. Rohn & Associates, LLC, was also disqualified from representing Plaintiffs in this case under Rule 1.10 of the Model Rules of Professional Conduct based on Ellison's "association" with the firm and based on Ellison's

disqualification due to his conflict of interest under Rule 1.9 which was imputed to the Rohn law firm.

The court has reviewed the findings of fact of Judge Cannon in determining that Rule 1.10 imputes Ellison's conflict from representing Plaintiffs to the Rohn law firm. The Judge found that Ellison was associated with the Rohn law firm. The Judge then considered whether Ellison and the Rohn firm complied with Rule 1.10(2)(i) and (ii) by screening Ellison to avoid imputation of disqualification to the firm. The Judge found that "[a]lthough the evidence supports Plaintiffs' contention that Mr. Ellison and counsel for Plaintiffs provided some notice to opposing counsel, any efforts to comply with the requirements of Model Rule 1.10(a)(2)(ii) were nullified by Mr. Ellison actually working for the Rohn law firm [on November 14, 2011] prior to the notice being delivered [to Ogletree on December 16, 2011]." Indeed, this was not prompt notice since it was after Ellison began working for Rohn law firm.

Judge Cannon then found that Plaintiffs failed to provide evidence to demonstrate that when Ellison was associated with the Rohn law firm, he was adequately screened, and found that "no evidence has been presented to prove that [Ellison] was [screened by the Rohn law firm from participation in the instant case] and how [Ellison] was specifically screened from files and information related to this matter."

- 7 -

The court finds that Judge Cannon's finding that Ellison was not adequately screened and that prompt notice was not provided to Ogletree was not clearly erroneous, and that Plaintiffs, despite their reference to documents purportedly showing that Ellison was "effectively" screened and that the instant case was on the screening list, (Doc. 27 at 6), have failed to meet their burden, based on the totality of the evidence, to leave this court with "[a] definite and firm conviction that a mistake [by Judge Cannon] has been committed."

In fact, the evidence showed that the Rohn law firm did not provide Ogletree with a purported list of cases to which Ellison had access until January 11, 2012, see Doc. 17, Ex. A, at ¶'s 19-20, and Rohn law firm and Ellison failed to provide either Ogletree or OfficeMax with a sworn certificate of compliance pursuant to Rule 1.10(a)(2)(iii).

Moreover, as OfficeMax points out, (Doc. 23 at 9):

Plaintiffs have not contested the facts that ROHN: (1) did not have or produce any written policy concerning its screening procedures; (2) did not have any written policy that would allow for discipline of an employee who violated the screening; and (3) did not have a written policy that would allow for termination of an employee who violated the screening, see Doc. No. 8, at Ex. A, Ex. 10, Tr. 144-45[.]

Nor does the court find any merit to Plaintiffs' contention that Judge Cannon misinterpreted the screening requirement of Rule 1.10 based on

Restatement (Third) of the Law Governing Lawyers §124, comment d(iii), and its standard that would have allowed Ellison to give notice to Ogletree after he began work with Rohn law firm if he provided notice "as soon as practicable", since Rule 1.10 governs and this Rule required Ellison and Rohn law firm to provide written notice promptly which they failed to do as Judge Cannon found. *See* Bahsen, 147 F.Supp.3d at 244. Indeed, Judge Cannon's finding was not clearly erroneous when he determined that Ellison's December 16, 2011 email notifying Ogletree of his employment with Rohn law firm over one month after he began working for Rohn was not prompt written notice under Rule 1.10(a)(2)(ii). Additionally, after Ellison had been working for Rohn law firm for over one month before Ogletree received notice of his new firm, it took almost another month for Rohn law firm to provide Ogletree with the list of cases to which Ellison had access. *See* Doc. 8-1 at ¶'s19-20. Thus, "[n]either Ellison nor Rohn provided OfficeMax the prompt notice contemplated by Rule 1.10, such that OfficeMax had the opportunity to object to the representation." (Doc. 23 at 12). "To be timely, screening should have been performed at the time of [Ellison's] hiring [by Rohn law firm]." Bahsen, 147 F.Supp.3d at 248. Thus, Rohn law firm did not provide prompt written notice to OfficeMax to enable it to determine whether there had been compliance with Rule 1.10(c).

Additionally, Plaintiffs argue that Judge Cannon erred in finding that Ellison was associated with the Rohn law firm since he was essentially "a contract [temporary] attorney who performed limited functions during his brief employment with Rohn and Associates." (Doc. 27 at 13). However, as OfficeMax points out, (Doc. 23 at 14), there is no merit to Plaintiffs attempt to rely upon ABA Formal Opinion 88-356 since it applies only to "temporary" lawyers and "there was no evidence before [Judge Cannon] that Ellison's employment [with Rohn law firm] was ever intended to be temporary", and "nothing in Rohn's offer letter to Ellison indicates that he was to be employed for a limited period." (citing Doc. 21, Ex. 3).

Judge Cannon's reliance on "<u>Mathurin v. SunConstructors, Inc</u>., 1:05-cv-183, 2012 U.S. Dist. LEXIS 121190 (DVI August 27, 2012), was not misplaced as Plaintiffs argue since he properly found that this case supported his conclusion that that Ellison's disqualification was imputed to Rohn law firm for failure to comply with the requirements of Rule 1.10(a)(2)(ii) by not providing prompt notice and for failing to implement appropriate screening mechanisms.

Further, Plaintiffs, (Doc. 27 at 13-14), contend that Judge Cannon erred by not finding that Ellison was properly and timely screened and, by failing to find that Ellison was "effectively a contract/temporary lawyer for

purposes of Model Rule 1.10", as Judge Thomson found in another case, namely, the case of Mendez v. Hovensa, case No. 05-cv-00174-LDD, after analyzing substantially the same evidence as presented in the instant case. However, for purposes of the present appeal, it is of no moment under the applicable standard of review how this court would have ruled on OfficeMax's motion for disqualification or how Judge Thomson would have ruled on the motion based on the Mendez case.

Plaintiffs also claim that Judge Cannon failed to balance the relevant factors before finding that "the severe sanction of disqualification" of Rohn law firm was appropriate and that this was a breach of his "duty of explanation."

The court finds that Judge Cannon referenced the court's requirement to balance the relevant interests in deciding a motion to disqualify counsel, (Doc. 19 at 2), and that in the body of his Order he conducted a proper analysis.

In Bahsen, 147 F.Supp.3d at 248, the court explained that:

"[A] motion for disqualification calls for us to balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel." City of Atl. City v. Trupos, 201 N.J. 447, 992 A.2d 762, 771 (2010) (quoting Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 536 A.2d 243, 251 (1988). A court "should disqualify an attorney only when it determines, on the facts of the particular

case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." Miller, 624 F.2d at 1201.

In fact, as the court in Bahsen, 147 F.Supp.3d at 248-49, concluded:

This matter involves a proceeding in which [Ellison] had direct involvement on one side, [OfficeMax], and now is "associated with" the [Rohn] firm representing the other side [Plaintiffs]. Such "side-switching" strongly counsels disqualification. *See* United States v. Pelle, 2007 WL 674723, at *4 (D. N.J. Feb. 28, 2007) ("We cannot conceive of any situation in which the side-switching attorney or his new firm would be permitted to continue representation if, unlike the situation before us, the attorney had in fact actually represented the former client or had acquired confidential information concerning that client's affairs."); *see also* ABA, Formal Ethics Op. 88-356, at 4.

Also, as in Bahsen, 147 F.Supp.3d at 249, "[t]he stage of this case is not particularly advanced, as this [appeal] comes long before trial and the parties have not yet begun [] discovery or summary judgment briefing", "[a]nd more generally, 'there is no right to demand to be represented by an attorney disqualified because of an ethical requirement.'" (quoiting Dewey, 536 A.2d at 251). Thus, "[w]eighing Plaintiff[s'] right to choose its counsel with the need to maintain the highest standards of client confidentiality and attorney ethics, the Court finds that disqualification [of Rohn law firm] is appropriate here." *Id*.

Therefore, Plaintiffs' appeal of Judge Cannon's Order granting OfficeMax's Motion to Disqualify Rohn law firm will be denied and Rohn law

firm will be disqualified from representing Plaintiffs in this case due to imputed conflict under Rule 1.10. *See id*.

### IV. CONCLUSION

For the foregoing reasons, the court will **OVERRULE** Plaintiffs' objection, (Doc. 21), and will **AFFIRM** Judge Cannon's July 18, 2014 Order, (Doc. 19), disqualifying Rohn law firm from representing Plaintiffs in this case. The stay imposed in this case, (Doc. 28), will be lifted. Plaintiffs will be directed to obtain new counsel within 30 days of the date of the accompanying Order. An appropriate order will issue.[5]

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 10, 2021**
13-71-01

---

[5] The court notes that OfficeMax requested that the court to award it fees and costs in its brief in opposition to Plaintiffs' appeal. (Doc. 23, at 17). However, the court declines to consider this request raised for the first time in a brief. *See In re Blackrock Mut. Funds Advisory Fee Litig.*, 327 F.Supp.3d 690, 736 n. 42 (D. N.J. 2018) ("[C]ourts ordinarily decline to consider arguments raised for the first time in a [] brief.").